**GOVERNMENT OF THE VIRGIN ISLANDS, IN THE
INTERESTS OF: A.A., Minor/Appellant**

D.C. Crim. App. 95-105

T.C. Juv. No. 60/1995

**GOVERNMENT OF THE VIRGIN ISLANDS, IN THE
INTERESTS OF: C.B., Minor/Appellant**

D.C. Crim. No. 95-119

T.C. Juv. No. 237/1994

**GOVERNMENT OF THE VIRGIN ISLANDS, IN THE
INTERESTS OF: N.G., Minor/Appellant**

D.C. Crim. No. 95-120

T.C. Juv. No. 41/1995

**GOVERNMENT OF THE VIRGIN ISLANDS, IN THE
INTERESTS OF: C.C., Minor/Appellant**

D.C. Crim. No. 95-121

T.C. Juv. No. 84/1995

**GOVERNMENT OF THE VIRGIN ISLANDS, IN THE
INTERESTS OF: J.M., Minor/Appellant**

D.C. Crim. No. 95-138

T.C. Juv. No. 59/1995.

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 11, 1996

RONALD T. MITCHELL, ESQ., St. Thomas, U.S.V.I., *for A.A., Appellant*

LESLIE L. PAYTON, ESQ., Office of the Territorial Public Defender, St. Thomas, U.S.V.I., *for C.B. and J.M., Appellants*

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, U.S.V.I., *for N.G., Appellant*

DENISE FRANCOIS, ESQ. AND ADAM G. CHRISTIAN, ESQ., LAW OFFICES OF HODGE & FRANCOIS, St. Thomas, U.S.V.I., *for C.C., Appellant*

MAUREEN PHELAN, ESQ. AND JOEL FELD, ESQ., Assistant Attorney Generals, Virgin Islands Department of Justice, St. Thomas, U.S.V.I., *for Government of the Virgin Islands, Appellee*

MOORE, *Chief Judge*

## OPINION

PER CURIAM

We consolidated these five juvenile cases on appeal from the Territorial Court of the Virgin Islands for decision since they all challenge the procedures applied by the Territorial Court to mandatory transfers of juvenile offenders from the Family Division to the Criminal Division for treatment as adults under V.I. CODE ANN. tit. 5, §§ 2508 and 2509. For the reasons stated herein, we will reverse the remaining four transfer orders[1] and remand the cases to the Territorial Court for further proceedings consistent with this Opinion.

### FACTUAL BACKGROUND

Although these remaining four juveniles were transferred under the mandatory transfer provisions of 5 V.I.C. § 2508(b), no summons were issued or served on any of these four appellants with the motion to transfer, as required by subsection 2509(a).[2] We set forth the facts of each case separately and consider the issues they present collectively.

A.A.

On March 17, 1995, the Government of the Virgin Islands ["Government"] obtained an arrest warrant for A.A., age 17, for acts of delinquency which would constitute the crime of first degree murder if done by an adult. On April 19, 1995, the Government filed a Juvenile Delinquency Complaint charging first degree murder and kidnapping and a Motion to Transfer based on the mandatory transfer of first degree murder charges against a

---

[1] The parties have advised the Court that C.C. has entered a plea of guilty in the regular adult criminal division. Accordingly, his appeal (D.C. Crim. No. 95-121, T.C. Juv. No. 84/1995) will be dismissed as moot.

[2] For ease of reference, we may use the adult designation of the charges against these appellants, with the understanding that they are acts of delinquency so long as the minors are being treated as juveniles.

juvenile. After probable cause was established to charge A.A. with first degree murder,[3] a transfer hearing was conducted with appellant represented by counsel.[4] The court granted the motion to transfer on April 20th. On April 22, the Government filed an information in the regular criminal division, charging appellant with first degree murder, kidnapping, and, for the first time, receipt of stolen property. A.A. was advised of his rights and ordered detained without bail. A.A. filed his notice of appeal on April 27, 1995.

**J.M.**

On March 17, 1995, the Government obtained an arrest warrant for J.M., age 17,[5] growing out of the same incident for which A.A. was arrested and transferred on the charge of first degree murder. Appellant was arrested on April 10, 1995. On April 11th, with his legal counsel and father present, J.M. was advised of his rights, probable cause was found to charge him with first degree murder, and a motion was filed by the Government for pretrial detention. The court found that detention was necessary given appellant's recent violent history and the seriousness of the charge against him, and ordered J.M. detained. A motion to transfer was filed on April 12, 1995 and heard on April 18th, with J.M. accompanied by his father and his attorney. Before the hearing, the appellant filed his opposition to transfer and the Government filed a criminal complaint.[6] The judge granted the motion to transfer from the bench and set bail, issuing a written order granting the transfer on April 20, 1995. J.M. filed his notice of appeal on April 27, 1995.[7]

**C.B.**

C.B., age 16, was arrested on November 23, 1994 for his involvement in the commission of a robbery. On November 25, 1994, C.B. appeared before the court with his mother and a

---

[3] Appellant A.A.'s Appendix ["A.A. App."] at H57. A.A. was represented by counsel who cross-examined the police officer who obtained the arrest warrant.

[4] A.A. App. at 184-111.

[5] Appellant J.M.'s Appendix ["J.M. App."] at 50.

[6] The record reflects that the opposition was based on the Government's failure to file a complaint, a point that was rendered moot when the complaint was filed.

[7] J.M.'s Appendix contains a transcript from the advice of rights hearing in the Criminal Division, which is a part of the adult criminal matter, not the juvenile matter currently on appeal. J.M. App. at 52-83.

representative of Human Services. After probable cause was found that C.B. was involved with the first degree robbery, he was advised of his rights and counsel was appointed to represent him. C.B. was not in custody when he appeared for the advice of rights hearing.[8]

On December 20, 1994, the Government filed a complaint alleging that appellant committed first degree robbery and unlawful possession of a firearm. The complaint was accompanied by a motion for mandatory transfer under 5 V.I.C. § 2508(b)(2), since the offense now charged would be a violent crime if committed by an adult and the minor was alleged previously to have been adjudicated delinquent for a felony-type offense (in this case, unlawful sexual contact), and under subsection 2508(b)(4) for the possession of a deadly weapon.[9] At a hearing on the same day, the minor's mother and legal counsel accompanied C.B.[10] The court did not re-examine the finding of probable cause.[11] Without any further hearing on the motion, the judge entered an order dated March 1, 1995 finding that all the elements required for mandatory

---

[8] The record is sparse regarding the November 25th hearing. It is not clear whether appellant was represented by counsel at that hearing, nor that a formal complaint had been filed against him at that time. In fact, although the trial judge's personal notes indicate that a police officer testified about the grounds the arrest, nothing in the record indicates whether probable cause was found to arrest or to charge. At a detention hearing on November 30th, C.B. was represented by counsel and remanded to the custody of the Youth Rehabilitation Center.

[9] Although the Government also cited two discretionary transfer subsections 2508(d)(3) and (d)(7) in support of the transfer, the judge based transfer solely on the mandatory transfer provisions. Upon remand, the Government should make the allegations of its motion congruent with the statute, that is, V.I. CODE ANN. tit. 14, § 2253 deals with firearms, not deadly weapons. Appellant C.B.'s Appendix ["C.B. App."] at 8-9, 30-32.

[10] Appellant C.B. waived reading of the complaint, pled not delinquent, and asked for motion and discovery deadlines. Deadlines regarding the motion for transfer and a trial date were also set. Afterwards, the court reviewed several of appellant's other pending juvenile matters.

[11] The issue of probable cause was not discussed. Appellant concedes in his brief that probable cause to charge robbery in the first degree and unlawful possession of firearm was established at the November 25th hearing. Brief for C.B. at 2.

transfer under subsections 2508(b)(2) and (3) existed,[12] and transferred C.B. for trial as an adult. C.B. timely appealed.

**N.G.**

On February 1, 1995, appellant, fourteen years old, was arrested and charged with first degree murder. At the initial appearance the next day, N.G. appeared with his parents and counsel. The trial court found probable cause to charge N.G. with first degree murder[13] and granted the Government's motion for pre-trial detention. On February 21, the Government filed its Complaint and a motion to transfer pursuant to 5 V.I.C. § 2508(b)(4) and a hearing was conducted.[14] Appellant objected to the transfer on March 3, 1995 on constitutional grounds and requested a discretionary transfer hearing under 5 V.I.C. § 2509. No transfer hearing was conducted, but an order was issued on April 25, 1995 granting the Government's request to transfer and finding that such transfer was mandatory since N.G. was charged with first degree murder. The court also held that section 2508 is constitutional, and that transfer was mandatory, not discretionary, whether or not the Government filed a motion to transfer. Appellant N.G.'s Appendix ["N.G. App."] at 4-24. N.G.'s timely appeal presents the same issues argued at the trial level.

## ISSUES PRESENTED

1. Whether the Family Division has jurisdiction and authority to transfer a minor to the Criminal Division in the absence of a summons being issued and served on the minor, together with a copy of the juvenile complaint and motion for transfer;[15]

2. Whether a minor charged with a mandatorily transferable act of delinquency is entitled to an adversarial hearing on the determination of probable cause to believe he committed the

---

[12] *See* C.B. App. at 31-32. The order detailed appellant's previous adjudication as a delinquent based on a violent felony. The judge based her decision to transfer on (b)(2) & (3) (mandatory if finding of certain type of previous delinquency), although the Government moved for transfer pursuant to (b)(2) & (4)(mandatory with no requisite findings of previous delinquency).

[13] See Appellant N.G.'s Appendix ["N.G. App."] at 6; Juvenile Docket Sheet at 1.

[14] N.G. again appeared with his parents and counsel. See Juvenile Docket Sheet at 3. The record on appeal does not include specifics regarding the February 21st hearing.

[15] *See* 5 V.I.C. § 2509(a).

charged act of delinquency before he may be ordered transferred for trial as an adult;[16]

3. Whether the Family Division must articulate its reasons in a written transfer order, including a finding of probable cause;[17]

4. Whether transfer from the Family Division to the Criminal Division for trial as an adult is a transfer of the person or only the specific mandatorily-transferable acts of delinquency pending against the minor at the time of the transfer, e.g. if a minor is transferred on the basis of a first degree murder charge, can other felonies be added for the first time in the Criminal Division;[18] and

5. Constitutional issues of due process and equal protection under the Fifth and Fourteenth Amendments arising out of the mandatory transfer provisions of the Virgin Islands juvenile transfer statute, as amended in 1994, are also raised:

A. Whether the trial court erred in interpreting the transfer provisions as prohibiting judicial discretion to allow a 14 year old charged with murder to be tried as a juvenile rather than as an adult;

B. Whether these provisions violate due process because the only sentence available upon a 14 year old's conviction of first degree murder is life imprisonment without possibility of parole; and

C. Whether these provisions violate due process by vesting complete discretion in the Attorney General to determine whether a 14 year old should be tried as an adult.

## DISCUSSION
### The Statutory Scheme

In 1994, the Virgin Islands Legislature amended the juvenile transfer provisions of the Virgin Islands Code to lower the age for

---

[16] See 5 V.I.C. § 2508(b). More than one appellant also challenged whether the trial court erred in finding that there was sufficient evidence to find probable cause to believe that the minor had in fact committed the charged acts of delinquency. Since we reverse all five cases on other grounds, we need not reach this issue.

[17] See 5 V.I.C. § 2509(c).

[18] See 5 V.I.C. §§ 2508(a) & (b).

transfer to fourteen[19] and to expand the list of juvenile acts for which transfer for trial as an adult would be mandatory. V.I. CODE ANN. tit. 5, § 2508(b) now provides that

> if a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court, after a determination of probable cause, *shall* transfer the person for proper criminal proceedings to a court of Competent criminal jurisdiction when:
>
> (1) the person has been twice adjudicated to be a delinquent for offenses which would constitute a felony if committed by an adult; or
>
> (2) the offense now charged is an offense which would be a violent crime, as defined herein, if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would constitute a felony if committed by an adult; or
>
> (3) the offense now charged is an offense which would be a felony if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would be a violent crime, as defined herein, if committed by an adult; or
>
> (4) the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; possession or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent. (emphasis added).

Section 2509[20] sets forth the procedure for juvenile transfer, both mandatory and discretionary:

---

[19] Act No. 5973, 1994 Sess. Laws 56-57. This was the only change to the discretionary transfer of a minor for a felony-type act of delinquency provided in 5 V.I.C. § 2508(a).

[20] Section 2509 was not amended by the Legislature in 1994.

165

(a) Following the filing of the motion by the Attorney General, summonses shall be issued and served as provided by law. A copy of the motion and a copy of the delinquency complaint, if not already served, shall be attached to each summons.

. . . .

(c) Unless . . . transfer is mandatory, the court shall conduct a hearing on each of the factors relevant to transfer. Accompanying an order to transfer shall be a statement of the reasons of the court for ordering the transfer of the child [including] . . . the court's findings with respect to each of the factors set forth in subsection (d) of this section. . . .

### Jurisdiction

Before we can reach the merits of the issues raised by these appellants, we must first establish our jurisdiction to review these transfer orders, which we have previously described as having "all the characteristics of . . . ordinarily nonappealable interlocutory order[s]." *In re M.B.*, 909 F. Supp. 298, 301 (D.V.I. APP. 1995), *amended by* V.I. BBS 94CR111.DT3 (D.V.I. App. Jan. 23, 1996). Regarding the scope of our appellate jurisdiction under 4 V.I.C. § 33, we noted that,

> although the breadth of the language in the statute granting the Appellate Division jurisdiction to review of the "judgments and orders" of the Territorial Court would appear to include the authority to review interlocutory orders, the Appellate Division has interpreted this language, with a few exceptions, to mean "final decisions."

*Id.*[21]

---

[21] The Virgin Islands Legislature is authorized by section 23A of the Revised Organic Act of 1954, 48 U.S.C. § 1613a(a), to prescribe our appellate jurisdiction. The Revised Organic Act of 1954 may be found at 48 U.S.C. §§ 1541-1645 (1995), reprinted in V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995) ["Revised Organic Act"]. This authority is contained in V.I. CODE ANN. tit. 4, § 33, which pertinently provides that the

district court has appellate jurisdiction **to review the judgments and orders** of the territorial court in all civil cases, in all juvenile and domestic relations cases . . . .

(emphasis added). *See, e.g., Government of the Virgin Islands v. DeJongh*, 28 V.I. 153, 163-64 (D.V.I. App. 1993) (The scope of the broad appellate jurisdiction granted the Appellate Division in 5 V.I.C. § 33 has been judicially narrowed "to include only appeals from final

*In M.B.,* we were reviewing a mandatory transfer order under 5 V.I.C. § 2508(d),[22] which is expressly appealable. We are presented here with mandatory transfers under subsection 2508(b), which are not expressly appealable. We found our jurisdiction over these appeals on the collateral order doctrine, as well as the broad scope of our appellate authority under 4 V.I.C. § 33. An order under subsection 2508(b) meets all the criteria of a reviewable collateral order: (1) it conclusively resolves the important and disputed question of transfer of a juvenile for trial as an adult; (2) this issue is completely separate and apart from the merits of the charges against the juvenile; and (3) the juvenile protections of anonymity and punishment only until age 21, once lost, can never be restored and thus are effectively unreviewable on appeal from a final judgment of conviction or acquittal. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978)(to be reviewable as a 'collateral order,' an otherwise interlocutory order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.").[23]

### The Issues Considered

Juvenile courts, including the Family Division of the Territorial

---

judgments or orders," or from certain other orders of the Territorial Court specifically allowed by rule or statute).

[22] Subsection 2508(d) reads;

> within five days after the filing of a complaint in the Family Division . . . that alleges a child was 14 years of age or older at the time of commission of one of the following offenses:
> (1) murder in the first degree;
> (2) rape in the first degree;
> (3) robbery in the first degree
> . . . .
> (7) possession or use of a firearm in commission of a crime of violence; the Attorney General may request by motion in writing that the case be transferred for proper criminal proceedings against such person in a court of competent jurisdiction. The judge of the Family Division of the Territorial Court is authorized to determine this request unless the child is provided for in subsection (b) [the mandatory transfer provision] of this section. This decision is a final appealable order.

[23] *See In re A.M.,* 30 V.I. 442, 445-46, 34 F.3d 153, 155-56 (3d Cir. 1994); *cf. Midland Asphalt Corp. v. United States,* 489 U.S. 794, 799-800, 103 L. Ed. 2d 879, 109 S. Ct. 1494 (1989) (collateral order exception interpreted "'with the utmost strictness' in criminal cases"; 'effectively unreviewable' means a right not to be tried at all, not merely a right not to be convicted).

Court, are creatures of statutory enactment.[24] Once a child is entitled to treatment as a juvenile offender, a number of due process rights attach to any proceeding that would remove those statutory benefits by transferring the minor for trial as an adult, even if the transfer is mandatory under the juvenile statute. *In re Gault*, 387 U.S. 1, 12-57, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967) (outlining the rights constitutionally afforded to the juvenile).[25] *Kent v. United States*, 383 U.S. 541, 557-62, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966) ("We do not mean . . . that the [transfer] hearing . . . must conform with all the requirements of a criminal trial or even the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.") We examine the questions presented by these appeals in this constitutional context. Our review of these questions of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. 1995).[26]

Issue Number One

The first issue is whether a summons must be issued and served on the minor, together with a copy of the juvenile complaint and the motion for transfer. V.I. CODE ANN. tit. 5, § 2509(a) states that after the Government files a motion for transfer, a summons accompanied by the delinquency complaint, if not already served, 'shall' be issued and served. Whether such issuance and service is

---

[24] While separate, non-criminal treatment of juveniles was created to take advantage of the greater rehabilitative potential of youth, legislatures throughout the United States have moved in recent years towards reducing the scope of juvenile treatment in favor of protecting the community and its youth against increasingly violent crime by juveniles. Even before this recent change in attitudes, some jurisdictions excluded homicides and other serious crimes from juvenile treatment. *See generally Annotation, Homicide by Juvenile as Within Jurisdiction of A Juvenile Court*, 48 A.L.R.2d 663, § 5 (giving a general overview of the issue). The result is a greater number of offenses for which separate juvenile treatment is not available. As the age of juvenile perpetrators of such offenses has decreased, legislatures have correspondingly lowered the statutory age for mandatory transfer. In the Virgin Islands, this trend is reflected in amendments to 5 V.I.C. § 2508(b), and include the offenses with which these five juveniles were charged.

[25] A.A. also contends that he was denied the right to be heard for detention purposes. Because A.A.'s transfer is being disposed of on other grounds, we do not address this issue.

[26] Because we are reversing and remanding the four remaining transfers based on our review of questions of law, we need not reach other less encompassing standards.

a condition precedent to the court's ability to transfer is a case of first impression in the Virgin Islands.

█ Section 2509, entitled "Procedure for transfer," gives a clear directive in this regard. Subsection 2509(a) implements one of the minimal constitutional requirements the Supreme Court has declared is guaranteed to a juvenile, namely, that the Government give written notice to the juvenile and his representatives of the charges filed against him and of the Government's motion to transfer him for trial as an adult.[27] We hold that this statutory directive is mandatory and not ministerial in nature. The trial records of the proceedings in the court below disclose that the Government did not comply with subsection 2509(a) in any of these cases, an omission which fatally flawed the transfers in all four of these remaining appeals. In view of the importance of the other four questions to the proper transfer of juveniles under our statute, and since these remaining four transfer orders must be vacated and the cases remanded for further proceedings, we provide the following guidance on these other issues.

Issue Number Two

█ The second issue is whether a minor charged with a mandatorily transferable act of delinquency is entitled to an adversarial hearing before she may be ordered transferred for trial as an adult. Recalling that a 'full investigation' must be conducted by the Family Division to make sure that transfer is appropriate,[28] we would look to the provisions of amended section 2508 and unamended section 2509 to determine whether the Legislature has stated any factors for the court to examine before ordering a mandatory transfer.

█ The common and consistent prerequisite for all such transfers, whether mandatory or discretionary, is a redetermination of probable cause by the Family Division. Where the transfer is

---

[27] *In re Gault*, 387 U.S. 1, 32-41, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967); *Kent v. United States*, 383 U.S. 541, 554-62, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966); *United States ex rel. Turner v. Rundle*, 438 F.2d 839, 842 (3d Cir. 1971); *Government of the Virgin Islands v. Santana*, 9 V.I. 154, 160-61 (1972).

[28] *See Kent*, 383 U.S. at 553, 561.

non-mandatory or discretionary, section 2509 sets forth in some detail the other factors the court must consider and balance before the minor can be treated as an adult.[29] Where the transfer is mandatory, the court goes back to subsection 2508(b) which requires the court to redetermine probable cause, to make a finding on the child's age and, in many instances, to determine whether the child before the court has previously been adjudicated delinquent and, in some cases, to make findings on the nature of those delinquent acts. For example, if the Government moves for transfer of a minor charged with a felony-type offense on the ground that she previously has been adjudicated delinquent for a violent crime, the court must (1) redetermine probable cause that this minor committed the new offense; and (2) find that the minor then before the court is the same child who was earlier adjudicated to have committed the offense which would be a violent crime if committed by an adult. The only way the court can make these findings is to hold a hearing at which the minor is guaranteed the right to counsel, the right to present evidence on his age and identity, and the right to conduct meaningful cross-examination of the Government's witnesses.[30]

### Issue Number Three

■ The third question is whether the trial judge must articulate in writing adequate reasons for the transfer, including a finding of probable cause. The Supreme Court has held that the appellate court

> must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not "assume" that there are adequate reasons, nor may it merely assume that "full investigation" has been made. . . . It is incumbent upon the [family court] to accompany its [transfer] order with a statement of the reasons or considerations therefor.

---

[29] See 5 V.I.C. § 2509(d).

[30] *Kent v. United States*, 383 U.S. at 554-63; *United States ex rel. Turner v. Rundle*, 438 F.2d at 842; *Government of the Virgin Islands v. Santana*, 9 V.I. at 160-61.

*Kent v. United States,* 383 U.S. at 561.[31] The judge is thus required to state the reasons for transfer by making clear and specific findings that the necessary prerequisites for mandatory transfer outlined above and in subsection 2508(b) have been satisfied. *See United States ex rel. Turner v. Rundle,* 438 F.2d 839, 842 (3d Cir. 1971). Such a written articulation of the reasons for transfer will provide a clear and discernible written record of the judge's findings for review on appeal.

Issue Number Four

■ The fourth issue which may recur in the lower court is whether another felony charge that would not be grounds by itself for mandatory transfer of the juvenile, but occurred during or arose out of the same factual circumstances, may be added once the child is transferred for adult criminal prosecution. Under the scheme of our juvenile transfer statute, the person of the juvenile is transferred to be prosecuted as an adult, not the offense.

Subsection 2508(a) is the general provision authorizing transfer for adult prosecution of a juvenile charged with any delinquent act which would be a felony if committed by an adult:

> If a child . . . is charged with an offense which would be a felony if committed by an adult, and the child . . . was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court may transfer *the person* for proper criminal proceedings to a court of Competent jurisdiction.

5 V.I.C. § 2508(a) (emphasis added). Subsection 2508(b), requiring mandatory transfer under certain conditions, contains similar language: "The Family Division of the Territorial Court, after a determination of probable cause, shall transfer *the person* for proper criminal proceedings to a court of competent jurisdiction . . . ." (emphasis added).

■ Thus, all felonies arising out of the same facts and circumstances may be added by the Government in the adult Criminal

---

[31] Subsection 2509(c) implements this requirement for discretionary transfer by specifying that a statement of the court's reasons for ordering the transfer shall accompany the transfer order.

Division, upon a showing of probable cause. Once the child loses the juvenile protection of anonymity and limited punishment by transfer to be tried as an adult with publicity and adult punishment, the statutory scheme does not require reinvolvement of the Family Division to add factually related felonies.

Issue Number Five

■ Regarding the last issue, we simply point out that the constitutionality of the mandatory transfer aspect of the Virgin Islands juvenile transfer statute has already been upheld by this Court acting in its trial capacity. *Government of the Virgin Islands v. Pena,* 11 V.I. 610 (D.V.I. 1975) (enforcing mandatory transfer for 16 and 17 year olds charged with violent felonies). N.G., the minor challenging the statute, argues that although the statute may have been fairly applied to 16 and 17 year olds, it is grossly unfair to allow 14 year olds to be subject to mandatory transfer. N.G.'s compelling emotional argument fails to provide a legally sound basis for attacking the juvenile transfer statute. Moreover, the Supreme Court has made it clear that a minor has no constitutional right to be prosecuted as an adult.

[Courts have held] that the fourteenth amendment permits the states a wide scope of discretion enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted with their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland,* 366 U.S. 420, 425-26, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961) (citations omitted).

**CONCLUSION**

In each of the four appeals remaining before this Court, proper notice by way of the statutorily required summons with attached motion and complaint was not given. For this reason, these four transfer orders must be vacated and remanded to the trial court for proceedings consistent with this opinion. An appropriate order

will be entered. In such further proceedings, a motion to transfer and an adversary hearing is required before transfer can be ordered and the order must contain the appropriate written findings. Once transfer is ordered, felony charges which are alleged to have occurred during or to have arisen out of the same circumstances may be added upon a showing of probable cause in the adult criminal division.

Dated this 11th day of June, 1996.

**ORDER**

PER CURIAM

AND NOW, this 11th day of June, 1996, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the above-captioned appeals are CONSOLIDATED; and

THAT the above-captioned appeal of appellant C.C., a Minor, D.C. Crim. No. 95-121, is DISMISSED as moot; and

THAT the transfer orders appealed in the four remaining above-captioned matters are VACATED and REMANDED to the Territorial Court for further proceedings consistent with the Opinion of even date.

DISPOSITION Above-captioned appeals CONSOLIDATED; above-captioned appeal of appellant C.C., a Minor, D.C. Crim. No. 95-121, DISMISSED as moot; and transfer orders appealed in four remaining above-captioned matters VACATED and REMANDED to Territorial Court for further proceedings consistent with Opinion of even date.