**GOVERNMENT OF THE VIRGIN ISLANDS in the Interests of J.S., Minor/Appellant.**

**Crim.App. No. 2000–170.**

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Filed: June 5, 2001.

obtained before the illegal entry.

Jacqueline Drew, St. Thomas, VI, for Appellant.

Joel H. Feld, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and PATRICIA D. STEELE, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

Appellant J.S. ["J.S." or "appellant"], a juvenile at the time of the underlying proceedings, submits for expedited review this timely appeal of the order of the Family Division of the Territorial Court transferring him to the Criminal Division for further proceedings. For the reasons set forth below, the Court will affirm the Territorial Court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellant does not provide a statement of the facts other than those necessary for setting forth the procedural background. The following is closely based upon the Territorial Court's findings, with some clarifications taken from the victim's statement:

On March 13, 2000, a woman was sunbathing in the nude on a St. Thomas beach known as Linquist Beach when she noticed a dinghy approaching the shore with two black males in it. The young men came out of the dinghy and began walking up and down the beach and slowing down to stare at the woman. Feeling uncomfortable with the movement of the two men, the woman put on her clothes and moved further to her left in an effort to put some distance between herself and the two young men. She then resumed sunbathing. The young men continued to walk up and down the beach several times, and at one point they sat approximately fifty feet from the woman. At a later time, she noticed that one of the young men, described as the "shorter" young man, had a stick in his hand. The woman began working on a crossword puzzle. Suddenly, she sensed that one of the young men was standing right in front of her. Moments later, she felt a sharp pain to her back and head. The shorter of the two men struck her from behind with the stick. The shorter man then put a towel over her head, and she passed out. When she regained consciousness, one of the men was tying her hands together behind her back, and the shorter one was touching her breast. They forced her into the nearby bushes and pushed her face down. When she protested that she could not breathe, she was turned over and the towel was placed back over her head. At this point, one of the young men raped the woman. The victim believes that the shorter of the two men raped her, but she is not certain because the towel was over her head. While she was being raped, the other young man took her bag and stole her credit cards, a telephone, some currency, and a car stereo. Afterward, the woman got up and shook the towel off, only to be pushed back down by the shorter one, who put the towel back over her head and body. The young men then went back to the dinghy and left the area the same way they arrived.

The victim positively identified J.S. as the shorter of the two young men who assaulted her. The police located J.S., who, in the presence of his father and after having been advised of his rights, admitted in a signed statement that he was one of the persons involved in the assault, robbery, and rape of the victim. The government filed a complaint charging J.S. with aiding and abetting third degree assault, in violation of title 14, sections 297(1) and 11(a) of the Virgin Islands Code; aiding and abetting third degree robbery, in violation of 14 V.I.C. §§ 1863(1) and 11(a); aiding and abetting unauthorized use of a vehicle, in violation of 14 V.I.C. §§ 1382 and 11(a); aiding and abetting aggravated rape, in violation of 14 V.I.C. §§ 1700(b) and 11(a); aiding and abetting grand larceny, in violation of 14 V.I.C. §§ 1983(1), 1081, and 11(a); and two counts of aiding

and abetting first degree rape, in violation of 14 V.I.C. §§ 1701(2), (5), and 11(a). A transfer hearing was held on April 26, 2000. By written order of May 3, 2000, the Family Division entered a finding of probable cause that J.S. had committed the offense of aiding and abetting another in the perpetration of an act of rape in the first degree and directed that J.S. be transferred to the Criminal Division. J.S. filed this timely appeal. The Appellate Division granted the appellant's request for expedited review.

## II. JURISDICTION AND STANDARD OF REVIEW

The Appellate Division has jurisdiction to review the judgments and orders of the Territorial Court in all juvenile cases. 4 V.I.C. § 33. The Court has judicially narrowed application of this jurisdiction to include only final judgments and orders. *Government of the Virgin Islands in the Interests of N.G.*, 119 F.Supp.2d 525, 527 (D.V.I.App.Div.2000). A juvenile transfer order is considered a final appealable order. *See id.*

■ The Court will uphold findings of fact unless clearly erroneous. 4 V.I.C. § 33. Although the decision to transfer a juvenile to the Criminal Division is "committed to the sound discretion of the trial court" and generally can be reviewed only for abuse of that discretion, the Appellate Division exercises plenary review over any constitutional claims or other questions of law. *See Government of the Virgin Islands in the Interests of N.G.*, 119 F.Supp.2d at 527 (citing *Government of the Virgin Islands in the Interest of M.B.*, 122 F.3d 164, 167 (3d Cir.1997)).

## III. DISCUSSION

J.S. was charged with acts of juvenile delinquency which, if committed by an adult, would constitute the felony of aiding and abetting first degree rape, in violation of 14 V.I.C. §§ 1702(2) (first degree rape) and 11(a) (aiding and abetting). Title 5, section 2508 provides for the mandatory transfer to the Criminal Division of a juvenile aged fourteen years or older who is charged with acts that would constitute one of several felonies if committed by an adult. *See* 5 V.I.C. § 2508(b)(4). To support a mandatory transfer order, the Family Division of the Territorial Court must find: (1) probable cause that the juvenile committed the alleged act which triggers the mandatory transfer analysis; (2) that the juvenile was fourteen years of age or older at the time of the alleged offense; and (3) that the crime charged is one demanding mandatory transfer, in this instance, aiding and abetting first degree rape. *Id.* § 2508. In *Government of the Virgin Islands in the Interests of A.A.*, 34 V.I. 158, 931 F.Supp. 1247 (D.V.I.App.Div. 1996), this Court held that once probable cause is shown on a mandatory count, "all felonies arising out of the same facts and circumstances may be added by the Government in the Criminal Division." *Id.* at 170–72, 931 F.Supp. at 1254.

The appellant raises several issues on appeal. We discuss briefly below some of the issues raised, finding the remaining issues to be without merit.

### A. Aiding and Abetting First Degree Rape Is an Offense Subject to Mandatory Transfer Under § 2508(b)(4)

Section 2508(b)(4) provides in relevant part:

[T]he Family Division ... shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction· when ... the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first

degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; possession or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent.

5 V.I.C. § 2508(b)(4). The appellant contends that the offenses subject to mandatory transfer under section 2508(b)(4) do not include aiding and abetting first degree rape, or for that matter, aiding and abetting any listed offense.[1] According to appellant, aiding and abetting is a separate offense under 14 V.I.C. § 11(a). Following this logic, because aiding and abetting is not a listed offense subject to mandatory transfer, a juvenile charged with aiding and abetting cannot be transferred. We cannot agree.

■ Title 14, section 11 of the Virgin Islands Code provides for the prosecution of an aider and abettor. Subsection (a) specifies that "whoever ... aids, abets, counsels, commands, induces or procures [the] commission [of a crime], is punishable as a principal." 14 V.I.C. § 11(a). Subsection (c) states, in pertinent part:

> Persons within this section shall be prosecuted and tried as principals, and no fact need be alleged in the information against them other than is required in the information against the principal.

*Id.* § 11(c). Nothing about subsection (a) suggests that the statute creates a separate offense for aiding and abetting. If anything, subsection (c) expressly states the opposite, which is that an aider and abettor is subject to the same punishment as a principle, and that such person "shall be prosecuted and tried as [a principal]." *Id.* § 11(c). Further, a prosecutor need not allege any fact in the charging document to prosecute an aider and abettor as a principal. *See id.* The plain meaning of section 11(a) is clear: The statute provides for the prosecution and punishment of an accomplice as a principle; it does not create a separate offense.

The question presented is whether the offense of "rape in the first degree, or an attempt to do so," as described in the mandatory transfer statute, can be construed to encompass the concept of aiding and abetting in the commission of that offense. *See* 5 V.I.C. § 2508(b)(4). The question is readily answered and hardly deserves discussion. Given that 14 V.I.C. § 11(c) specifically provides that the prosecutor need not allege in the charging documents any fact other than those required for prosecuting a principal, a juvenile complaint charging "rape in the first degree" *necessarily* encompasses the possibility that the person charged participated as an aider and abettor in the commission of the offense. A reference to section 11(a) in the complaint is no more than a superfluity—clearly not a prerequisite to prosecution of the individual as an aider and abettor. Thus, a juvenile charged as an aider and abettor to the commission of the offense of first degree rape is subject to mandatory transfer to the Criminal Division pursuant to 5 V.I.C. § 2508(b)(4), as he is in substance charged as a principal and subject to the same punishment.[2]

---

1. It does not appear that the appellant raised this issue in the court below. The government, however, has not objected to our review of this issue.

2. Other jurisdictions faced with the same question have reached the same result. *See, e.g., In re Ralph M.,* 211 Conn. 289, 559 A.2d 179 (Conn.1989). In *Ralph M.,* the Connecticut Supreme Court was faced with a juvenile charged as an accessory to murder. Under Connecticut law, a charge of murder would subject the juvenile to mandatory transfer pursuant to the transfer statute. The juvenile argued that a charge of *accessory* to murder was not amenable to transfer under that pro-

## B. The Family Division of the Territorial Court Properly Found Probable Cause

The appellant next contends that the Territorial Court did not properly find probable cause that J.S. committed an offense subject to mandatory transfer pursuant to 5 V.I.C. § 2508(b)(4). This argument is without merit.

■ In reviewing a determination of probable cause, we look to the totality of the circumstances. *See Government of the Virgin Islands in the Interests of A.I.E.*, 120 F.Supp.2d 537, 543 (D.V.I.App.Div. 2000) (citing *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "[P]robable cause is defined in terms of facts and circumstances 'sufficient to warrant a prudent man into believing that the (suspect) had committed or was committing an offense.' " *Government of the Virgin Islands in the Interests of N.G.*, 119 F.Supp.2d at 528 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111–12, 95 S.Ct. 854 , 43 L.Ed.2d 54 (1975) (internal quotations omitted)). Our burden in reviewing the Territorial Court's determination of probable cause to transfer J.S. is "simply to ensure that the [trial judge] had a substantial basis for . . . concluding that probable cause existed." *A.I.E.*, 120 F.Supp.2d at 543 (citations and internal quotations omitted).

At the transfer hearing, properly conducted pursuant to this Court's decision in *In the Interests of A.A.*, 34 V.I. at 169–70, 931 F.Supp. at 1253, the family court heard evidence indicating that the victim positively identified J.S. as one of the two young men who assaulted her, and perhaps even committed the rape. This positive identification by a victim witness, *standing alone*, is sufficient to support a finding of probable cause. Absent a showing of unreliability of the witness or substantial exculpatory evidence, a finding of probable cause can be wholly supported by the uncorroborated statement of the victim. *See Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir.2000) ("[A] positive identification by a victim witness, without more, would usually be sufficient to establish probable cause"); *id.* at 793–94 (Garth, J., concurring) ("Once law enforcement officers have obtained a positive identification from a reliable witness, then, without more, probable cause exists to justify the arrest of the identified individual."). In addition, the court had before it evidence in the form of the appellant's statement to police, in which he admitted he was one of the perpetrators of the assault and in which he admitted that he struck the victim with a stick. There can be no question that the family court had a substantial basis for finding probable cause that J.S. aided and abetted the commission of first degree rape.

## C. The Family Court Was Not Required to Follow the Procedures Set Forth in 5 V.I.C. § 2509

The appellant next claims that the family court failed to comply with the require-

vision. The court rejected this argument, commenting that the juvenile "mistakenly assumes that [the legislature] considered the charge of accessory to murder less serious than being charged as a principal." *Id.* at 185. To the contrary, "[t]here is . . . no such crime as 'being an accessory.' " *Id.* The court concluded that "because [the accomplice statute] does not define a separate and distinct crime, but only an alternative means by which the crime of murder may be commit-

ted, the trial court did not err in finding the respondent to be subject to transfer to the regular criminal docket of the Superior Court to be prosecuted as an adult under the mandatory provision of § 46b." *Id.* at 185–86; *see also, e.g., Tingle v. State*, 632 N.E.2d 345, 353 (Ind.1994) ("While it is true the [transfer] statute does not specify accessories, neither do the other criminal statutes to which . . . the accessory statute applies.").

ments set forth in 5 V.I.C. § 2509, which govern the procedures for transfer. According to the appellant, the family court transferred "discretionary charges" to the Criminal Division along with the "mandatory transfer charge," and as such, the family court was required to consider seven factors set forth in subsection (d) and then set forth its findings in a written order on each factor pursuant to subsection (c). This argument reveals a remarkable misunderstanding of the transfer process.

■ First, the family court did not "transfer discretionary charges," as the appellant asserts. The family court transferred the person, J.S., not the charges against him. In its transfer order, the family court ordered that "the minor, [J.S.], shall be transferred to the Criminal Division of the Territorial Court to be tried for, *inter alia,* first degree rape." (*See* J.A. at 45.) This order comports entirely with this Court's clear holding in *A.A.*: "Under the scheme of our juvenile transfer statute, the *person* of the juvenile is transferred to be prosecuted as an adult, not the offense." *In the Interests of A.A.,* 34 V.I. at 171, 931 F.Supp. at 1254 (emphasis added).

Second, the procedures set forth in 5 V.I.C. § 2509(c)–(d) do not apply to the mandatory transfer of a juvenile to the Criminal Division. Section 2509(c) states in pertinent part:

Unless ... the transfer is mandatory, the court shall conduct a hearing on each of the factors relevant to transfer. Accompanying an order to transfer shall be a statement of the reasons of the court for ordering the transfer of the child. Included in the statement shall be the court's findings with respect to each of the factors set forth in subsection (d) of this section.

5 V.I.C. § 2509(c) (emphasis added). In *In the Interests of A.A.,* this Court stated that *"[w]here the transfer is non-mandatory or discretionary,* section 2509[(d)] sets forth in some detail the other factors the court must consider and balance before the minor can be treated as an adult." 34 V.I. at 169–70 & n.29, 931 F.Supp. at 1253 (emphasis added). The court continued, "Where the transfer is mandatory, the court goes back to subsection 2508(b)." *Id.* at 170, 931 F.Supp. at 1253.

The appellant acknowledges that the family court found probable cause that J.S. had committed an offense subjecting him to mandatory transfer, and further acknowledges the family court's reference to this Court's holding in *A.A.,* namely, that once mandatory transfer is found, the government can add whatever felony charges arising from the same facts and circumstances. The appellant complains, however, that "[u]nder the Court's interpretation, the government needs [sic] not ever comply with 5 V.I.C. § 2509(d), if there is at least one mandatory transfer charge alleged in the Government's transfer motion." (*See* Br. of Appellant at 19.) So long as the family court finds probable cause that a juvenile committed an offense subjecting him to mandatory transfer, this is a correct statement of the law.

### D. The Family Court Did Not Err in Limiting the Scope of Appellant Inquiry with Respect to the Voluntariness of the Appellant's Statement to Police

The appellant contends that he should have been permitted to attack the voluntariness of his statement at the transfer hearing. He reasons that the issues potentially raised with respect to the voluntariness of the statement go directly to the question of the trustworthiness and reliability of the statement as hearsay evidence forming the basis for probable cause. *See*

*Illinois v. Gates,* 462 U.S. 213, 267–68, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (courts must examine the evidence for accuracy, reliability, and trustworthiness in order to consider it as forming the basis for probable cause). According to this reasoning, the family court's refusal to allow the appellant to wage a full-blown attack on the voluntariness of the his statement constituted reversible error. The Court rejects this reasoning.

 At the hearing, the family court judge allowed a limited inquiry into the voluntariness of J.S.'s statement: "I'm going to let them make a limited inquiry because it's the same holding as a suppression hearing and a suppression hearing is not part of a transfer hearing or probable cause." (J.A. at 142.) Counsel for the appellant was permitted to cross-examine the individual police officers who testified at the hearing about the conditions surrounding the statement, as is the appellant's right. *See Government of the Virgin Islands in the Interests of N.G.,* 119 F.Supp.2d at 529.

The appellant conflates an inquiry into voluntariness, which is the subject of a suppression hearing and which may result in the suppression of a statement as evidence of guilt, with an adequate inquiry into the trustworthiness and reliability of a hearsay statement for purposes of determining whether the statement can form the basis for finding of probable cause at a juvenile transfer hearing. In our view, the two inquiries are utterly distinct, and the family court judge committed no error in limiting the inquiry as she did.

## IV.   CONCLUSION

For the reasons stated, the Court will affirm the decision of the Family Division of the Territorial Court. An appropriate order follows.

### ORDER OF THE COURT

**AND NOW,** this 5th day of June, 2001, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the judgment of the Territorial Court is **AFFIRMED.**