**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**v.**

**M.G., Appellant**

GOVERNMENT OF THE VIRGIN ISLANDS v. M.G.

D.C. Criminal App. No. 2004-83

District Court of the Virgin Islands

Division of St. Thomas

April 26, 2005

586

STEPHEN A. BRUSCH, ESQ., St. Thomas, U.S.V.I., *For the Appellant*

MAUREEN PHELAN, A.A.G., St. Thomas, U.S.V.I., *For the Appellee*

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE,[1] *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Territorial Court,*[*] *Division of St. Croix, sitting by designation.*

---

[1] Judge Moore retired on January 3, 2005. Before leaving the bench, he reviewed this opinion and agreed in full with the panel's decision.

[*] The Territorial Court is now the Superior Court of the Virgin Islands.

## MEMORANDUM OPINION

### (April 26, 2005)

The appellant, a minor at the time of the underlying proceedings, appeals the order of the Juvenile and Domestic Relations Division of the Territorial Court transferring him to the Criminal Division for further proceedings. We will uphold the hearing judge's finding that there was sufficient probable cause to transfer the appellant to the Criminal Division and, in doing so, we will clarify the appropriate probable cause inquiry, as it was the source of confusion below. We will also clarify that, under the procedures set forth in the Virgin Islands Code, the hearing judge has discretion to consider whether charges not falling under the mandatory transfer scheme must be transferred. If, however, the hearing judge elects to address the transferability of such charges, the Virgin Islands Code requires that it be done at the same transfer hearing in which the counts that are subject to the mandatory transfer scheme are addressed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The government alleges that on July 15, 2003, M.G., a minor, sexually assaulted M.A., also a minor. As a result of the alleged incident, the government filed a complaint and, subsequently, an amended complaint in the Family Division of the Territorial Court. The amended complaint alleges one count of first degree rape and one count of attempted first degree rape, both in violation of 14 V.I.C. § 1701(2). The amended complaint also alleges two counts of first degree unlawful sexual contact in violation of 14 V.I.C. § 1708(1), one count of first degree assault in violation of 14 V.I.C. § 295(3), one count of third degree assault in violation of 14 V.I.C. § 297(1), and one count of simple assault in violation of 14 V.I.C. § 299(2). (Appellant's App. at 3-6.) On July 29, 2003, the Government filed a motion for a mandatory transfer of M.G, to the adult Criminal Division of the Territorial Court, pursuant to 5 V.I.C. § 2508(b)(4). A transfer hearing was held on October 3, 2003.

At the transfer hearing, the parties presented drastically different stories regarding the events that transpired on July 15, 2003. The

government's primary witness,[2] Virgin Islands Police Department Detective Maria Colon-Petersen, testified that M.A. reported that she was in the Anna's Retreat basketball area on July 15, 2003, when M.G. pushed her down, got on top of her, and attempted to pull down her shorts, while ignoring M.A.'s repeated demands that he stop. (*Id.* at 28.) According to Colon-Petersen, M.A. reported that after M.G. was unable to pull down her pants, he moved her pants and underwear to the side and inserted his index finger into her vagina. (*Id.* at 28.) Colon-Petersen later interviewed M.A.'s sister, who was also present at the scene of the alleged incident and confirmed M.A.'s version of the events. (*Id.* 29-30.) Officer Colon-Petersen also testified that M.A. reported the alleged rape immediately after it occurred. (*Id.* at 34.)

The defendant called three witnesses, namely, Khareed Brathwaite, Re-al Thomas, and Rose Cuffy. Brathwaite, a sixteen year-old close friend of M.G. who was with M.G. when the alleged incident occurred, testified that M.A. approached M.G., cursed at him, and touched his face with her hand in an unpleasant manner. (*Id.* at 44-46.) Brathwaite also testified that M.G. responded by pushing M.A. away, which caused her to fall over, but that M.G. never got on top of her and instead M.G. simply walked away. (*Id.* at 45-46, 48.) Thomas, a seventeen year-old, who is also a close friend of M.G. and was with him when the alleged incident occurred, provided virtually identical testimony as Brathwaite. (*Id.* at 62-65.) Cuffy, a taxi driver and acquaintance of M.G.'s mother, also allegedly witnessed the incident. Cuffy provided similar testimony as Brathwaite and Thomas, although M.G.'s attorney later admitted that her testimony was not credible.[3] (*Id.* at 84-87, 143, 145.) Neither Brathwaite, Thomas, or Cuffy reported their version of the events to the

---

[2] The government also called M.G.'s mother testify at the transfer hearing. M.G.'s mother testified simply that her son's date of birth is July 26, 1986 and that he was not married on the date of the alleged incident. (*Id.* at 20-25.)

[3] Cuffy's testimony was questionable at several points. Cuffy was not certain whether M.A. fell down and she did not see M.A.'s sister at the scene of the incident. (Appellee's App. at 84-87.) Cuffy was also unclear regarding how she learned of the charges against M.G., as she stated both that she learned of the investigation into the incident from M.G.'s mother and that she learned about the alleged rape from a fellow taxi driver named Leroy. Later, M.G.'s attorney admitted to the hearing judge that he did not believe Cuffy's story about Leroy. (*Id.* at 143.) M.G.'s attorney also admitted that "Ms. Cuffy was trying too hard to help my witness today." (*Id.* at 145.)

police, even after they learned M.G. had been arrested and charged with first degree rape. (*Id.* at 53, 67, 94-96.)

At the close of the hearing, the hearing judge made the following findings: that M.G. was sixteen years old and unmarried at the time of the alleged offense, that M.G. had been charged with rape in the first degree and attempted rape in the first degree, and that there was probable cause that M.G. had committed the aforementioned charges. (*Id.* at 154-55, 161-162.) Relying on these findings, the hearing judge ruled that she was required to transfer M.G. to the Criminal Division to be tried as an adult. (*Id.* at 161.) The hearing judge also stated that it was unnecessary for her to address the six other counts alleged in the amended complaint because the government could elect to add those charges in the adult Criminal Division after the transfer. (*Id.* at 161-62.) The hearing judge memorialized her findings in a written order dated October 9, 2003. (*Id.* at 168-71.)

There is some confusion in the record regarding the standard the hearing judge employed in determining probable cause. M.G.'s attorney argued at the hearing that, in determining probable cause, the hearing judge should not simply examine whether the arresting officer had probable cause to arrest the defendant but instead should make "a new determination of probable cause [based on] the totality of the circumstances, including additional evidence that was not presented [at the time of arrest]." (*Id.* at 124.) M.G.'s attorney further argued that, under such a standard, there was no probable cause that M.G. committed the alleged offenses because the hearing judge was presented with two conflicting stories and there was no way to determine whether one was more credible than the other. (*Id.* at 132-136.)

The government, in contrast, argued that "the standard of probable cause would be the same standard of probable cause that the court finds in terms of the initial arrest of the minor." (*Id.* at 127.) The government also argued that the hearing judge did not have the authority to examine the credibility of witnesses at the hearing, and that the hearing judge's role was limited to determining if there is probable cause that the defendant committed the charged offenses solely on the basis of Detective Colon-Petersen's testimony. (*Id.* at 129-30.)

In making her probable cause determination, it is unclear from the record whether the hearing judge followed the defense's suggested test or the government's narrower approach. The following statement of the

hearing judge indicates that she found there would be probable cause under either approach, although she thought she did not have to specifically choose one or the other because, in her opinion, the parties actually agreed on the standard:

> According to defense counsel, that I'm supposed to weigh the credibility of these witnesses to determine probable cause, he's also indicating from his perspective that even though probable cause may have been limited to what the officer may have known at the time of the arrest it expands at this point because it's a transfer hearing.
>
> The Court doesn't find that there has been any change in the expansion, but the Court doesn't have to find it because the Court feels as if all the parties understand that the burden is not beyond a reasonable doubt, it is not by preponderance of the evidence. It's essentially whether there has been a substantial chance that the criminal activity occurred and the juvenile committed the offense, substantial evidence, substantial chance that it has occurred.

(*Id.* at 159-60.)

## II. JURISDICTION AND STANDARD OF REVIEW

The Virgin Islands Code provides this Court with appellate jurisdiction "to review the judgments and orders of the territorial court in ... all Family cases." V.I. CODE ANN. tit 4, § 33; Section 23A of the Revised Organic Act[4]; *see also Gov't of the Virgin Islands ex rel. A.M.,* 34 F.3d 153, 156, 30 V.I. 442 (3d Cir. 1994). A juvenile transfer order is considered a final appealable order that is appropriate for this Court's review. 34 F.3d at 156.

▪ The decision to transfer a juvenile to the Criminal Division is "'committed to the sound discretion of the trial court'" and generally can be reviewed only for an abuse of that discretion. *See Gov't of the Virgin Islands ex rel. N.G.,* 119 F. Supp. 2d 525, 527 (D.V.I. App. Div 2000) (quoting *Gov't of the Virgin Islands ex. rel M.B.,* 122 F.3d 164, 167, 37 V.I. 442 (3d Cir. 1997)). As this Court has explained previously,

---

[4] Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1613a, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1) (establishing this Court's appellate jurisdiction over appeals from the Territorial Court to the extent prescribed by local law).

however, the transfer of a minor from the Family Division to the adult Criminal Division of the Territorial Court implicates that minor's constitutional rights. *Gov't of the Virgin Islands ex rel. A.A.*, 931 F. Supp. 1247, 1252, 34 V.I. 158 (App. Div. 1996.). We will therefore provide plenary review of any arguments predicated on questions of constitutional law. *Id.*

### III. ANALYSIS

 M.G. was charged with one count of first degree rape and one count of attempted first degree rape, crimes which, if committed by an adult, would constitute felonies. Consequently, M.G. is subject to the mandatory transfer provisions set forth in 5 V.I.C. § 2508(b), which provides in relevant part:

> If a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when:
>
> ...
>
> (4) the offense now charged is one of the following offenses, which would be a felony if committed by an adult: ... rape in the first degree or an attempt to do so ...

To support a mandatory transfer under this statute, the Family Division of the Territorial Court must find:

> (1) probable cause that the juvenile committed the alleged act which triggers the mandatory transfer analysis; (2) that the juvenile was fourteen years of age or older at the time of the alleged offense; and (3) that the crime charged is one demanding mandatory transfer ...

*Gov't of Virgin Islands ex rel. N.G.*, 119 F. Supp. 2d 525, 528 (D.V.I. App. Div. 2000).

M.G. presents two issues for our review on appeal. First, he argues that the hearing judge did not have a substantial basis for finding probable cause because she could not assess the credibility of the alleged victim and her sister. Second, he argues that, under 5 V.I.C. § 2508, the

592

non-mandatory counts must be evaluated at a transfer hearing before those counts can be considered in the Criminal Division. We address each argument individually below.

## A. The Hearing Judge Had A Sufficient Basis For Finding Probable Cause

■Before evaluating the appellant's argument that there was insufficient basis upon which the hearing judge could have found probable cause, we will briefly review the proper method for determining probable cause and address the hearing judge's confusion regarding this determination. This Court has previously explained that, because it is not specifically defined in the statute, the meaning of "probable cause" in section 2508(b) has the same meaning as it does in adult criminal proceedings. *Gov't of the Virgin Islands ex rel. N.G.*, 119 F. Supp. 2d 525, 528 (D.V.I. App. Div. 2000).[5] In order to make a probable cause determination, "the Family Division must conduct a 'full investigation' that will form a firm basis for each of the court's findings." *Id. at 528* (quoting *Kent v. United States*, 383 U.S. 541, 553-54, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966)). Such a "full investigation" requires that the hearing judge determine probable cause based on her assessment of all the evidence presented at the hearing, including her determination of the credibility of the testimony provided, and should not limit her inquiry solely to the evidence that was available to the arresting officer.[6]

Although the hearing judge's statements suggest she thought it was inconsequential whether she conduct a full investigation as advocated by defense counsel or follow the government's narrower approach, a review of the proceedings demonstrates that she did, in fact, make an assessment of probable cause based on all the evidence available at the hearing. In

---

[5] Specifically, we explained that "probable cause is 'defined in terms of facts and circumstances sufficient to warrant a prudent man into believing that the (suspect) had committed or was committing an offense.'" *Gov't of the Virgin Islands ex rel. N.G.*, 119 F. Supp. 2d 525, 528 (D.V.I. App. Div. 2000) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111-12, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975)).

[6] As further evidence of the breadth of this "full investigation" is the juvenile's "right to conduct meaningful cross-examination" and, as M.G. did at the hearing in this matter, offer witnesses that tend to negate the government's argument in support of probable cause. *Gov't of the Virgin Islands ex rel. N.G.*, 119 F. Supp. 2d 525, 529 (D.V.I. App. Div. 2000). This investigation is limited in some respects, however, as the juvenile does not have the right to engage in discovery or have access to *Brady* material. *Id.* at 528-29.

particular, it is worth nothing that the hearing judge specifically referred to the additional testimony provided by M.G.'s witnesses and indicated that she did not find these witnesses credible.[7]

In reviewing the hearing judge's properly conducted full investigation into whether there was sufficient probable cause to support a transfer to the Criminal Division, we agree that there was sufficient evidence for her to find probable cause that M.G. committed the crimes of first degree rape and attempted first degree rape. Contrary to M.G.'s argument, it was not necessary for the hearing judge to hear testimony of the victim or her sister. Instead, the testimony of Detective Colon-Petersen provided sufficient evidence upon which a the hearing judge could make "a practical, common-sense decision" that there is a "fair probability" that M.G. committed the crimes of first degree rape and attempted first degree rape. *See Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (discussing probable cause test); *see also Gov't of the Virgin Islands ex rel. N.G.*, 119 F. Supp. 2d 525, 528 (D.V.I. App. Div. 2000) (defining probable cause "in terms of facts and circumstances sufficient to warrant a prudent man into believing that the suspect had committed or was committing an offense" (internal citations omitted)). Because Detective Colon-Petersen's testimony reasonably permitted the trial judge to conclude that there was a fair probability M.G. committed first degree rape and attempted first degree rape, and because the hearing judge had a reasonable basis to doubt the credibility of the appellant's witnesses, we find that she did not abuse her discretion by finding probable cause.

## B. The Hearing Judge Is Not Required to Consider the Non-Mandatory Counts

M.G. also argues the hearing judge erred by considering only whether the rape and attempted rape counts should be transferred, and not addressing whether the remaining counts should be transferred. M.G. contends that, pursuant to 5 V.I.C. § 2508(f), the hearing judge should

---

[7] Specifically, the hearing judge noted that the defendant's friends were "very close friends," that they both has the same gap in their memories of certain essential facts, yet remembered with clarity the facts that exonerated their friend. (Appellant's App. at 157-58, 170). The hearing judge also stated that Cuffy's testimony was "suspect in several areas." (*Id.* at 170.)

have considered the non-mandatory counts after determining that the mandatory counts were transferable. That subsection provides:

> If a child is transferred from the Family Division to a court of competent jurisdiction, that court may also have jurisdiction over other alleged delinquent acts not designated as transferable which occurred during or arose out of the factual circumstances surrounding the offense for which the child was transferred. The transfer of the alleged delinquent acts not designated as transferable must occur at the hearing for transfer of the delinquent act designated for transfer and under the procedures established in section 2509 of this title.

To address the merits of M.G.'s argument regarding subsection (f), we first review the system for mandatorily transferring a juvenile to the adult Criminal Division. As noted above, 5 V.I.C. § 2508(b) sets forth the requirement for such transfers and provides that, if the requisite requirements are met, "the Family Division of the Territorial Court ... shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction ... ." In *Gov't of the Virgin Islands, ex rel. A.A.,* this Court emphasized that "under the scheme of our juvenile transfer statute, the person of the juvenile is transferred to be prosecuted as an adult, not an offense." 931 F. Supp. 1247, 1254, 34 V.I. 158 (D.V.I. App. Div. 1996). In that decision we also explained that "all felonies arising out of the same facts and circumstances may be added by the Government in the adult Criminal Division, upon a showing of probable cause." *Id.*

M.G. argues that this Court's interpretation of the mandatory transfer scheme in A.A. must be overruled because it is inconsistent with the language of section 2508(f), as that section "unambiguously requires a hearing on the non-mandatory counts before those counts can be transferred." (Appellant's Br. at 14.) As an initial matter, M.G. is incorrect that *A.A.* is inconsistent with his interpretation of section 2508(f). In *A.A.,* we consolidated appeals by five juveniles challenging procedures followed by the Territorial Court in transferring them from the Family Division to the Criminal Division under sections 2508 and 2509. 931 F. Supp. at 1248. None of underlying matters in *A.A.* involved juvenile delinquency complaints alleging charges that were not subject to

the mandatory transfer scheme.[8] Thus, our decision did not address whether a hearing judge presented with non-mandatory counts must consider such counts before transferring the individual to the Criminal Division.

Turning specifically to section 2508(f), we disagree with M.G.'s interpretation that the hearing judge was required to hold a hearing on the non-mandatory counts alleged in the government's amended complaint. M.G.'s interpretation might have merit if we were to read in isolation the second sentence of section 2508(f), which states that "the transfer of the alleged delinquent acts not designated as transferable must occur at the hearing for transfer of the delinquent act designated for transfer and under the procedures established in section 2509 of this title." We, however, read this sentence within the context of the entire section and consistently with the overall transfer scheme. The first sentence of subsection (f) clearly instructs that the adult Criminal Division has jurisdiction over alleged delinquent acts arising out of the same factual circumstances regardless of whether those acts were presented to, or considered by, the Family Division hearing judge. Moreover, when the hearing judge found that M.G. met the requirements for mandatory transfer, the transfer system required the transfer of his entire person to the Criminal Division, not just the mandatory offenses. *A.A.*, 931 F. Supp. at 1254.

It makes no sense, as M.G. suggests, to read into section 2508(f) a requirement that the hearing judge consider the non-mandatory counts when the transfer scheme already mandates transfer of M.G.'s person to the Criminal Division. Such a requirement would force the hearing judge to engage in a useless task, as her consideration of the non-mandatory counts would have no impact on whether the Criminal Division could exercise jurisdiction over the non-mandatory charges and the juvenile was effectively removed from the hearing judge's control by virtue of her finding that the requirements for mandatory transfer were satisfied.

---

[8] Of the five cases consolidated in *A.A.*, only A.A.'s appeal involved a charge that, if presented to a Family Division hearing judge, would not be subject to the mandatory transfer scheme. 931 F. Supp at 1248. The government's juvenile delinquency complaint in that case charged only first degree murder and kidnaping, crimes that are subject to the mandatory transfer system. *Id.* After the matter was transferred to the adult Criminal Division, the government, for the first time, charged A.A. with the non-mandatory crime of receipt of stolen property.

Contrary to M.G.'s illogical interpretation, section 2508(f) does not require that the hearing judge address the non-mandatory counts. Instead, its requirement that "the transfer of the alleged delinquent acts not designated as transferable must occur at the hearing" simply means that if the hearing judge elects to address the transferability of the non-mandatory counts, she must do so at the same transfer hearing in which she considers the mandatory counts and in accordance with the procedures set forth in section 2509. Thus, because 2508(f) does not require the hearing judge to consider the non-mandatory counts and only directs her to consider them simultaneously with the mandatory counts if she elects to address them at all, we reject M.G.'s argument that he was entitled to a hearing on the non-mandatory counts.

## IV. CONCLUSION

We find that the hearing judge properly conducted a full investigation into whether there was probable cause that M.G. committed first degree rape and attempted first degree rape, which appropriately included an assessment of all testimony presented at the transfer hearing. Based on the evidence presented at the transfer hearing and preserved in the record, we also find the hearing judge did not abuse her discretion in transferring M.G. to the Criminal Division. Finally, we hold that 5 V.I.C. § 2508(f) did not require the hearing judge to address the non-mandatory counts alleged against M.G. Instead, section 2508(f) only demands that, if the hearing judge elected to address the non-mandatory counts, would have had to do so at the same transfer hearing in which she addressed the counts that were subject to mandatory transfer. We will therefore affirm the hearing judge's order transferring M.G. to the Criminal Division.