# IN THE INTEREST OF S.T., A MINOR, Appellant/Defendant
## v.
# PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Crim. No. 2007-110

Supreme Court of the Virgin Islands

June 25, 2009

LAVERNE L. MILLS-WILLIAMS, ESQ., St. Croix, USVI, *Attorney for Appellant.*

RICHARD S. DAVIS, ESQ., AAG, Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice, concurs.*

## OPINION OF THE COURT

(June 25, 2009)

HODGE, C.J. Appellant, a minor, challenges the September 14, 2007 order of the Superior Court, which transferred him from the Family Division to the Criminal Division of the Superior Court for trial as an adult. For the reasons below, this Court will affirm the transfer order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 2007, the police were dispatched to the Estate Whim neighborhood in St. Croix, where an adult resident informed them that several minor males had brandished guns at his minor son during an altercation between his son and four other boys.[1] Appellant, then sixteen years old, was identified as one of the minors wielding a gun. Appellant was taken into custody on April 28, 2007 and told the police that he had been involved in an argument on April 10, 2007 with several boys regarding cock fights. However, Appellant denied possessing a gun.

In a Complaint filed in the Family Court on May 22, 2007, the People of the Virgin Islands (hereafter "the People") initially charged Appellant with brandishing, exhibiting, and using a dangerous weapon, in violation of title 14, section 621(1) of the Virgin Islands Code (hereafter "the Code"), and unauthorized possession of a firearm, in violation of title 14, section 2253(a). On August 16, 2007 the People filed an Amended Complaint in the Family Court, charging Appellant with discharging or aiming a firearm, in violation of title 23, section 479(b), and possession of a firearm during the commission of a crime of violence, in violation of title 14, section 2253(a). Thereafter, the People filed a Motion to Transfer pursuant to title 5, section 2508(b)(4) of the Code, seeking to transfer Appellant from the Family Division to the Criminal Division of the

---

[1] The Court has purposely omitted the names of the adult parent and other minor witnesses to protect the identity of all minors involved in this case.

Superior Court to be tried as an adult. After the September 12, 2007 transfer hearing, the Family Division granted the People's motion to transfer in an order entered on September 14, 2007, concluding that Appellant's transfer was mandatory under title 5, section 2508(b)(4). On September 28, 2007, Appellant filed a timely notice of appeal.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). An order transferring a juvenile from the Family Division to the Criminal Division of the Superior Court is a final appealable order. *See* 5 V.I.C. § 2508(d); *see also Gov't of the Virgin Islands in the Interest of A.M.*, 30 V.I. 442, 34 F.3d 153, 156 n. 3 (3d Cir. 1994). Our review of the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). "Because the decision to transfer a juvenile for prosecution as an adult is committed to the sound discretion of the trial court, we review that decision only for an abuse of discretion." *United States v. A.R.*, 38 F.3d 699, 702 (3d Cir. 1994).

### B. The Trial Court Did Not Err in Transferring the Minor to the Criminal Division for Trial as an Adult

In granting the People's motion to transfer, the family judge found that possession of a firearm during the commission of a crime of violence would be a felony if committed by an adult, that Appellant was fourteen years of age or older at the time of the offense, and that there was probable cause to support both offenses for which Appellant was charged. Based upon these findings, the judge concluded that Appellant's transfer was mandatory under title 5, section 2508(b)(4). On appeal, Appellant argues that the family judge erred in transferring him to the Criminal Division because he was not charged with one of the transferable crimes enumerated in title 5, section 2508(c) of the Code. In particular, Appellant contends that the crime of discharging or aiming a firearm is not one of the crimes specified in the transfer statute. *See* 5 V.I.C. § 2508(c)(A)-(Q). Consequently, Appellant maintains that there was no violent crime for

purposes of title 5, section 2508(b)(4), which requires that the possession or use of the firearm be during the commission of a crime of violence, and, according to Appellant, only those crimes specified in section 2508(c), which does not include aiming or discharging a firearm, qualify. The People counter that the crime of discharging or aiming a firearm is comparable to either the crime of carrying a firearm or the crime of carrying or using a dangerous weapon, each of which is specifically enumerated in the transfer statute as a violent crime. *See* 5 V.I.C. § 2508(c)(M), (N).

Both parties' arguments miss the mark when applied to the facts before us. Title 5, section 2508(b), the mandatory transfer provision, provides that:

> If a child . . . is charged with an offense which would be a felony if committed by an adult, and the child . . . was fourteen years of age or older at the time of the alleged offense, the Family Division of the Superior Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when:
>
>> (1) the person has been twice adjudicated to be a delinquent for offenses which would constitute a felony if committed by an adult; or
>>
>> (2) the offense now charged is an offense which would be *a violent crime, as defined herein*, if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would constitute a felony if committed by an adult; or
>>
>> (3) the offense now charged is an offense which would be a felony if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would be *a violent crime, as defined herein*, if committed by an adult; or
>>
>> (4) the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; *possession or use of a firearm in the commission of a crime of violence* irrespective of whether the minor has been previously adjudicated to be a delinquent.

(5) the offense now charged is possession of a loaded firearm, if such possession occurred on school property.

(Emphases added).

The parties agree with the family judge that section 2508(b)(4) is the applicable provision in this case but they maintain that application of section 2508(c) is necessary for a determination of whether Appellant's transfer is proper. Section 2508 (c) states, in relevant part:

> For purposes of this chapter only, a *violent crime* is defined as one of the following offenses:
>
> . . . .
>
> (M) carrying or using a dangerous weapon;
> (N) carrying firearms[2];
>
> . . . .

5 V.I.C. § 2508(c) (emphasis added). Specifically, the parties and the concurrence conclude that, because Appellant is charged under title 14, section 2253(a) with possession of a firearm during the commission of a crime of violence, it is necessary to turn to title 5, section 2508(c) to determine whether Appellant's other charge, *i.e.* discharging or aiming a firearm in violation of title 23, section 479(b), constitutes a "crime of violence." It appears that their mistaken reliance on section 2508(c) stems from the apparent similarity between the term "crime of violence," an element of both title 14, section 2253(a) and title 5, section 2508(b)(4), and the term "violent crime," as defined in section 2508(c) of the transfer statute.

█ Pursuant to title 5, section 2508(b)(4), a family judge *must* transfer a minor defendant if: (1) the minor was fourteen years of age or older at the time the offense was committed; (2) "the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so;

---

[2] We note that, unlike with section 2508(c)(M) where "weapon" is not pluralized, the Legislature used the plural form when referring to "carrying firearms" in section 2508(c)(N). Here, there is no allegation that Appellant was in possession of more than one firearm. However, since we hold herein that section 2508(c) is not implicated in this case, we need not consider this issue.

424

*possession or use of a firearm in the commission of a crime of violence;"* and (3) there is probable cause that the minor committed the offense that mandates transfer. (Emphasis added). The main issue on appeal is whether Appellant's possession or use of a firearm was during the commission of a crime of violence. *See* 5 V.I.C. § 2508(b)(4). The mere carrying of firearms, though defined as a "violent crime" under subsection (c), is not one of the transferable offenses for which transfer must be ordered under subsection (b)(4). The closest transferable offense with a firearm under section 2508(b) is found under subsection (b)(5), but that offense requires that the possession be of a loaded firearm on school property, an offense also not specified as a violent crime under section 2508(c) and the circumstances required for transfer under section 2508(b)(5) are not present in this case. Here, the only other offense with which Appellant is charged is discharging or aiming a firearm. Thus, if discharging or aiming a firearm constitutes a "crime of violence," and there is probable cause that the crime of discharging or aiming a firearm was committed, then Appellant's transfer is statutorily mandated under section 2508(b)(4), as the possession of the firearm would have occurred during the commission of a crime of violence.

■ In essence, the parties disagree over whether "possession or use of a firearm," which is one of the elements in both title 14, section 2253(a) and title 5, section 2508(b)(4), is comparable to "carrying or using a dangerous weapon" or "carrying firearms," both of which are defined as "violent crimes" under title 5, section 2508(c). Such a comparison, however, is misguided and unnecessary because a "crime of violence," as used under section 2508(b)(4), is separate and distinct from a "violent crime," as defined in the transfer statute for use exclusively in connection with transfers. First, it is significant that the specific references to "violent crime" in the transfer statute are found under subsections (b)(2) and (3) and not under (b)(4), which is the specific provision under which Appellant's transfer was sought. Moreover, when the term "violent crime" is specified in the relevant provisions of the transfer statute, it is always followed by the language "as defined herein." *See* 5 V.I.C. §§ 2508(b)(2)-(3). However, when "crime of violence" is referred to in the transfer statute under subsection (b)(4), it is not followed by the language "as defined herein." *See* 5 V.I.C. §§ 2508(b)(4), (d)(7). Moreover, it is evident that section 2508(b)(4)'s transfer mandate is self-contained and defines its own crimes for which transfer would be

required, including murder in the first degree and rape in the first degree both of which are also defined as "violent crimes" under section 2508(c), because the Legislature specifically identified possession of a firearm in the commission of a crime of violence as a transferrable offense in section 2508(b)(4), as opposed to referring merely to "a violent crime, as defined herein." Thus, contrary to the conclusion of the concurrence, it is clear that the Legislature did not intend for the family judge to turn to section 2508(c) of the transfer statute to define "crime of violence," or that only those crimes specified in section 2508(c) would qualify as crimes of violence for purposes of section 2508(b)(4).[3]

▮ Importantly, title 14, section 2253, which criminalizes possession of a firearm during the commission or attempted commission of a crime of violence, states that "crime of violence" as used in chapter 113[4] "shall have the same definition as that contained in Title 23, section 451(e) of [the] Code." 14 V.I.C. § 2253(d)(1). Title 23, section 451(e), in turn, states that " 'crime of violence' " means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, *discharging or aiming firearms*, mayhem, kidnapping, assault in the first degree, . . . second degree, [and] . . . third degree, robbery, burglary, unlawful entry or larceny. (Emphasis added). Thus, pursuant to title 23, section 451(e), the Legislature has already specifically defined the crime of discharging or aiming a firearm as a "crime of violence." Therefore, since the minor in this case was charged with possession or use of a firearm in the commission of a crime of violence and with discharging or aiming a firearm, which the Legislature has defined as a crime of violence, such charges, if a factual basis exists for them, satisfy the statutory requirement that there be probable cause that the minor committed the offense under section 2508(b)(4) mandating transfer. We note that Appellant does not contend that there is no factual basis for the offenses charged. As such, the transfer requirements of title 5, section 2508(b)(4) are satisfied, and the

---

[3] To take the People's position to its logical conclusion would be to conclude that the family court found probable cause that Appellant possessed or used a firearm during the commission of the crime of violence of "carrying firearms" or "carrying or using a dangerous weapon." *See* 5 V.I.C. § 2508(c)(M)-(N). We note, however, that the crimes of "carrying or using a dangerous weapon" and "carrying of firearms" are entirely separate crimes for which Appellant was not charged in the Amended Complaint. *See* 14 V.I.C. § 2251 (carrying or using a dangerous weapon); 14 V.I.C. § 2253 (carrying of firearms).

[4] Title 14, section 2253 is contained in chapter 113 of the Code.

transfer of Appellant was properly ordered. No discussion of section 2508(c) is necessary for resolution of the issues presented under section 2508(b)(4).

## III. CONCLUSION

Because Appellant has been charged with possession of a firearm during a crime of violence and because Appellant does not argue that there is no factual basis for the offenses charged, Appellant's transfer from the Family Division to the Criminal Division of the Superior Court for trial as an adult is mandatory. Accordingly, the Superior Court's September 14, 2007 transfer order is affirmed.[5]

## CONCURRING OPINION

SWAN, J. S.T. ("Appellant") appeals the decision of the Family Court, transferring him from the Family Division to the Criminal Division of the Superior Court for trial as an adult on charges of discharging or aiming a firearm in violation of title 23, section 479(b)[1] of the Virgin Islands Code ("Code"), and possession of a firearm during the commission or attempted commission of a crime of violence in violation of title 14, section 2253(a) of the Code.[2] For the following reasons, I will affirm the transfer order.

---

[5] At oral argument, Appellant briefly addressed the propriety of charging a defendant with possession or use of a firearm in the commission of a crime of violence when the only crime of violence alleged is the crime of discharging or aiming of a firearm. Because Appellant did not raise this issue in his brief, we need not address it at this time. *See Bernhardt v. Bernhardt*, Civ. No. 2007-132, 2009 V.I. Supreme LEXIS 23, *5, [WL] (V.I. Apr. 17, 2009); *In re Adoption of Infant Sherman*, 49 V.I. 452, 458 (V.I. 2008).

[1] Title 23, section 479(b) of the Virgin Islands Code states in relevant parts that "[a]ny person who, otherwise than in self-defense or in the discharge of official duty[ ] . . . intentionally[,] although without malice[,] aims a revolver, pistol[,] or other firearm toward any person . . . shall be guilty of a misdemeanor."

[2] Title 14, section 2253(a), which is entitled, "Carrying of firearms; openly or concealed; evidence of intent to commit crime of violence; definitions," provides in relevant parts:

Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person . . . loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years and shall be fined not more than $5,000 . . . or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence . . . then such person shall be sentenced to imprisonment of not less than five years nor more than ten years and shall be fined not more than

## I. FACTS AND PROCEDURAL HISTORY

On April 10, 2007, Renholt Jackson ("Jackson"), a resident of Estate Whim in St. Croix, informed the police that a minor had brandished a gun at his minor son, Elijah. Jackson identified for police one of the minors involved in the incident with his son, as the minor was departing the scene immediately after the incident. Subsequently, the minor, 11-year old Timothy Urgent ("Urgent"), was detained by police, and a .38 caliber handgun, containing four rounds, was found in Urgent's possession. Urgent informed the police that his brother, 17-year old Rashide Urgent ("Rashide"), gave him the gun, because Rashide was involved in a dispute in the vicinity of their home with Elijah, who had threatened to kill both brothers.

According to Elijah, he and three other males were arguing about chickens while in Elijah's yard, when he saw Rashide and another male, S.T. ("Appellant"), with guns in their hands. When Elijah asked them to leave the yard, Rashide pointed a gun at Elijah, threatening to kill him and the others males.

Appellant was apprehended on April 28, 2007. Appellant stated to police that on April 10, 2007, he was involved in an argument with Elijah and other males at Appellant's grandparents' home in Estate Whim. Appellant asserted that he confronted Elijah and his friends about their conducting cock fights during Appellant's absence from his home. Appellant further asserted that after the argument with Elijah, Appellant mounted his bike and departed for the ball park to cool out. Appellant denied going to the Jackson property, denied threatening Elijah and the other males with a gun, and denied possessing a gun.

On May 24, 2007, Appellant was arraigned and originally charged with brandishing, exhibiting, or using a deadly weapon in violation of title 14, section 621(1) of the Virgin Islands Code, and possession of a firearm during the commission or attempted commission of a crime of violence in violation of title 14, section 2253(a). On August 16, 2007, the People of the Virgin Islands ("Appellee") filed an amended complaint, charging Appellant with discharging or aiming firearms in violation of title 23,

---

$10,000. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the felony or crime of violence.

section 479(b) and possession of a firearm during the commission or attempted commission of a crime of violence in violation of title 14, section 2253(a).

It is noteworthy that even though the crime in Count Two of the Amended Complaint is titled "possession of a firearm during the commission of a crime of violence," the statutory language of the crime and the language of Count Two explicitly include "carry a firearm during the commission or attempted commission of a crime of violence."

Appellee filed a motion to transfer the case from the Family Division to the Criminal Division of the Superior Court pursuant to title 5, section 2508(b)(4).[3] On September 12, 2007, the Family Court granted Appellee's motion to transfer, ordering that Appellant be transferred to the Criminal Division of the Superior Court to be prosecuted as an adult. On September 28, 2007, Appellant perfected an appeal, seeking a reversal of the Family Court's transfer order.

## II. JURISDICTION AND STANDARD OF REVIEW

Pursuant to title 4, section 32 (a) of the Virgin Islands Code, this Court has jurisdiction over a timely appeal from a final order of the Superior Court. An order transferring a juvenile from the Family Division to the Criminal Division of the Superior Court is a final appealable order. *Gov't of the V.I. In Interest of A.M.*, 30 V.I. 442, 34 F.3d 153, 156 n. 3 (3d Cir. 1994).

I review the Family Court's decision to transfer a juvenile for prosecution as an adult for an abuse of discretion. *Virgin Islands v. M.G.*, 46 V.I. 586, 591 (D.V.I. App. Div. 2005) (citing *Gov't of V.I. In Interests of N.G.*, 119 F. Supp. 2d 525, 527 (D.V.I. App. Div. 2000) and *Gov't of the V.I., In Interest of M.B., A Minor*, 37 V.I. 442, 122 F.3d 164, 167 (3d

---

[3] Title 5, section 2508(b) provides in relevant part:

If a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Superior Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when . . . (4) the offense now charged . . . , which would be a felony if committed by an adult[,] . . . [is] possession or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent.

Cir. 1997). However, issues involving constitutional rights and all other questions of law are subject to plenary review. *Id.*

## III. ISSUES

(1) Whether the charge of possession of a firearm during the commission or attempted commission of a crime of violence is a crime that requires a mandatory transfer of a juvenile, age 14 or older, from the Family Court to the Criminal Division for adult prosecution.

(2) Whether a juvenile mandatory transfer hearing in the Family Court, and the subsequent prosecution of the juvenile as an adult on the same charges in the Criminal Division of the Superior Court violates the juvenile's Fifth Amendment Right under the Double Jeopardy Clause of the United States Constitution.

## IV. DISCUSSION

### A. Requirements for Mandatory Transfer

It is notable that the salient statutory provision for the mandatory transfer of a juvenile from the Family Court, title 5, section 2508(b)(4), states in pertinent part, "the offense now charged is one of the following offenses, which would be a felony if committed by an adult: . . . possession or use of a firearm in the commission [or attempted commission] of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent." No territorial statutory crime is titled "Possession or use of a firearm." The two crimes in title 14 of the Virgin Islands Code that encompass firearms are section 2251, titled "Carrying or using dangerous weapons," and section 2253, titled "Carrying of firearms; openly or concealed; evidence of intent to commit crime of violence; definitions." Similarly, title 23, section 456a is titled "Persons ineligible to possess or carry firearms or ammunition." However, section 456a addresses only ineligibility for a license to possess a firearm. Therefore, the plausible conclusion is that section 2508(b)(4)'s mandatory transfer provision on the possession or use of a firearm in the commission or attempted commission of a crime of violence only contemplates section 2253(a), which is a felony and which includes possession of a firearm and carrying a firearm.

Section 2508(b)(4) instructs that there are three prerequisites for a mandatory transfer. *Virgin Islands v. M.G.*, 46 V.I. at 592 (citing *Gov't of*

*V.I. In Interests of N.G.*, 119 F. Supp. 2d at 528). The Family Division must find that (1) there is probable cause that the juvenile committed the act which compels a mandatory transfer; (2) the juvenile was fourteen years or older at the time the alleged offense was committed; and (3) that the crime charged is one which mandates a mandatory transfer. *Id.*

A finding of probable cause is established when the Family Division is provided a formal or informal statement of the reasons supporting the transfer, without the need for a "conventional findings of fact." *In Interests of N.G.*, 119 F. Supp. at 529 (citing *Kent v. United States*, 383 U.S. 541, 560, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966)) (internal quotations omitted). In this case, the Family Court's determination of probable cause emanates from the probable cause fact sheet and the complaint in which Appellant is charged with possession of a firearm, by having a gun in his hand during a confrontation with Elijah. Thus, the first prerequisite for a transfer is satisfied. Appellant was born on July 29, 1990; therefore, he was a sixteen year-old juvenile at the time of the April 10, 2007 incident.[4] Consequently, the second prerequisite for a transfer has been satisfied.

The final prerequisite for a mandatory transfer requires that the crime of possession of a firearm during the commission or attempted commission of a crime of violence under title 14, section 2253(a) be included in the language of title 5, section 2508(b)(4).[5]

## B. Statutory Meaning and Legislative Intent

Appellant challenges the statutory meaning of section 2508(b)(4) and simultaneously argues that the crimes charged, possession of a firearm during the commission or attempted commission of a crime of violence and discharging or aiming a firearm, are separate and distinct crimes that

---

[4] *See* (Am. Compl. ¶ 3); *see also* (App. Br. 3.)

[5] In Appellant's brief, the "Question Presented" states:

Did the Superior Court Family Division err in granting Appellee's Motion for Mandatory Transfer pursuant to V.I. CODE ANN. tit. 5 § 2508(b) (4) when it found that there was probable cause to do so, in light of the incongruity of the charges filed where (1) the minor is charged with possession of a firearm during the commission of a crime of violence pursuant to V.I. CODE ANN. tit. 14 § 2253(a); and (2) the crime of violence alleged is inconsistent with the requirements of § 2508(c) of the Mandatory Transfer Statute?

(Appellant's Br. at 1.)

are not synonymous with any enumerated crime in section 2508(c) of the transfer statute. I disagree.

Where there is a dispute over the meaning of a statute, our inquiry begins with the plain language of the statute itself. *Gonzales v. Carhart*, 550 U.S. 124, 152, 127 S. Ct. 1610, 167 L. Ed. 2d 480 (2007); *Disabled In Action of Pa. v. S.E. Pa. Transp. Auth.*, 539 F.3d 199, 210 (3d Cir. 2008) ("We assume that 'Congress expresses its intent through the ordinary meaning of its language' and therefore begin 'with an examination of the plain language of the statute.' . . . . If the language is unambiguous, our inquiry is at an end.") (citing *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001)). Accordingly, I commence my analysis with the meaning of the words, "crime of violence," which is codified in section 2508(b)(4), a part of the transfer statute, and defined under section 2508(c). The language of section 2508(c) is plain and unambiguous. It states:

> For purposes of this chapter only, a violent crime is defined as one of the following offenses:
> (A) murder in the first or second degree or an attempt to do so;
> (B) voluntary manslaughter;
> (C) rape in the first degree or an attempt to do so;
> (D) arson in the first or second degree or an attempt to do so;
> (E) assault in the first, second[,] or third degree or where appropriate, an attempt to do so;
> (F) burglary in the first or second degree or an attempt to do so;
> (G) robbery in the first, second, or third degree or an attempt to do so;
> (H) carnal abuse of a child under 16 years of age or an attempt to do so;
> (I) incendiarism or an attempt to do so;
> (J) extortion
> (K) kidnapping or an attempt to do so;
> (L) mayhem;
> *(M) carrying or using a dangerous weapon;*
> *(N) carrying firearms;*
> (O) distributing a controlled substance to a person under eighteen years of age;

(P) aggravated rape or the attempt to do so;

(Q) unlawful sexual contact in the first degree or attempt to do so.

V.I. CODE ANN. tit. 5, § 2508(c) (Emphases added).

Indisputably, "carrying firearms" in subsection (N) and "carrying or using a dangerous weapon" in subsection (M) are included in the definition of a "crime of violence." However, our analysis does not end, because the "crime of violence" provision of section 2508(b) (4) must be a crime which encompasses the type of criminal conduct enumerated under section 2508(c). To elucidate, the plain and unambiguous language under section 2508(b)(4) provides:

> If a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when ... the offense now charge ..., which would be a felony if committed by an adult[,] ... [is] possession or use of a firearm in the commission of a crime of violence . . . .

### 1. Section 2253(a) Falls Within the Ambits of Section 2508(b)(4)

Appellant has been "now charged" with the "offense" of possession of a firearm in the commission or attempted commission of a crime of violence, which falls under title 14, section 2253(a). Section 2253(a), which is a felony, is titled "Carrying of firearms; openly or concealed; evidence of intent to commit crime of violence; definitions." Since "carrying firearms" is expressly identified as a "crime of violence" in section 2508(c)(N), the crime in Count Two of the Amended Complaint, carrying of a firearm under section 2253, implicates section 2508(b)(4), a provision of the transfer statute; therefore, the third prerequisite for a transfer is satisfied. Additionally, the physical act of holding a firearm in one's hand is embodied in "carrying or using a dangerous weapon," which is also expressly listed in section 2508(c)(M) as a crime of violence.

Title 23, section 451(d) defines a firearm as a "means of any device by whatever name known, capable of discharging ammunition by mean of gas generated from an explosive composition, including any air gas or

spring gun or any 'BB' pistols or 'BB' guns that have been adapted or modified to discharge projectiles as a firearm." Black's Law Dictionary also defines a weapon as "[a]n instrument used or designed to be used to injure or kill someone." BLACK'S LAW DICTIONARY 1624 (Deluxe 8th ed. 2004). The dictionary further defines a dangerous weapon as "[a]n object or device that, because of the way it is used, is capable of causing serious bodily injury." *Id.* When Appellant held the gun in his hand, he possessed, carried, and used a firearm. A gun is a firearm and an instrument of death. The primary reason for manufacturing a gun or a firearm is for use in causing the death of, or injury to a person or an animal. Accordingly, a gun or firearm is irrefutably a dangerous weapon. Therefore, when Appellant had the gun in his hand and brandished it, during his confrontation with Elijah, the gun was used to intimidate Elijah. The circumstances of the confrontation constituted both "carrying or using a dangerous weapon" and "carrying firearms." Therefore, the provisions of both subsections (c)(M), carrying or using a dangerous weapon, and (c)(N), carrying firearms, of section 2508(c) are applicable to the facts in this case.

Importantly, one cannot physically have a firearm in one's hand and goes about one's business without committing the act of carrying or using the firearm. *Bailey v. United States*, 516 U.S. 137, 148, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995) ("[t][he active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm . . . . Thus, a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.' "). Likewise, one cannot physically carry or use a gun without possessing it.

Holding a firearm in one's hand is a volitional act which results from exercising dominion or physical control over a firearm. *See United States v. Weadon*, 145 F.3d 158, 162 (3d Cir. 1998) (" '[p]ossess' is defined as 'to have in one's actual and physical control; to have the exclusive detention and control of.' ") (quoting BLACK'S LAW DICTIONARY 1046 (5th ed. 1979)). *See also United States v. Xavier*, 2 F.3d 1281, 1289, 29 V.I. 279 (3d Cir. 1993) ("an essential element of ['use of a firearm during the commission of a violent crime'] is that the person using the gun is not 'otherwise authorized by law' to carry or possess the gun."). The word possession is likewise defined as "the act, fact, or

condition of having control of something." MERRIAM-WEBSTER'S DICTIONARY OF LAW 369 (Collector's ed. 2005).

Moreover, in a comparison between section 2253(a) and section 2508(b)(4), the Virgin Islands Legislature's ("Legislature") utilization of similar language in both statutes confirms a strong correlation or nexus between them. In relevant parts, section 2253(a) states, ". . . if such firearm . . . possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence . . . shall be sentenced to imprisonment . . ." In section 2508(b)(4), the relevant part of the statute states "the offense now charged is . . . possession or use of a firearm in the commission of a crime of violence." Both statutes embed the words, "possess" and "firearm" into the same sentences with the words, "crime of violence." Therefore, for the above reasons, the elements of the crime in section 2253 are found in section 2508(b)(4) of the transfer statute.

## 2. The Design and Structure of Section 2508(b)(4) is Inclusive of Section 2253(a)

"[T]he plain meaning of statutory language is often illuminated by considering not only the particular statutory language, but also the structure of the section in which the key language is found, the design of the statute as a whole[,] and its object[.]" *United States v. Tupone*, 442 F.3d 145, 151 (3d Cir. 2006) (citing *United States v. Schneider*, 14 F.3d 876, 879 (3d Cir. 1994)) (internal quotations omitted). In 1994, the Legislature amended the transfer provision under section 2508 and expanded it to lower the minimum age requirement for juvenile delinquency, as well as expanded the list of juvenile acts that require a mandatory transfer. *See Gov't of the V.I. in Interests of A.A.*, 34 V.I. 158, 931 F. Supp. 1247, 1250 (D.V.I. App. Div. 1996). In particular, item (4) of Act. No. 5973, the specific provision at issue in this case, was added to subsection (b) under the section 2508 amendment.[6] 1994 V.I. Sess. Laws 55 (Act No. 5973, § 3). In 2005, the Legislature promulgated another

---

[6] The amended act reads as follows:

(b) Section 2508, subsection (b), is amended by adding thereto a new item (4) to read: "(4) the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; possession

amendment which states, "the offense now charged is possession of a loaded firearm, if such possession occurred on school property," 2005 V.I. Sess. Laws 73 (Act No. 6730, § 12). This amendment further expanded section 2508(b) and designated that provision as section 2508(b)(5) of the mandatory transfer statute. Accordingly, in evaluating the structure of the mandatory transfer statute of section 2508(b), these two amendments make unequivocally clear that the Legislature intended to expand accountability for felonious, delinquent acts by juveniles. Further support for this conclusion is anchored in the legislative intent of section 2508, which is outlined under title 5, section 2501(c), which expressly states that:

> [t]he policy for children who commit delinquent acts is a balance between treatment and sanctions. Emphasis is placed upon public safety and deterrence. Children should become aware through the imposition of sanctions that delinquent behavior will not be excused. Sanctions will be dispensed in a manner that is appropriate to the seriousness of the offense.

Unquestionably, the felony charge against Appellant in section 2253(a) is austere. However, I reject Appellant's argument that if the Legislature intended the crime Appellee filed against Appellant in Count Two of the Amended Complaint to be a crime of violence, it would have listed it in section 2508(c). There is no need for the Legislature to specifically include the crime in section 2253 in the enumerated crimes under section 2508(c), because there is no functional or definitional difference between the words "carries any firearm," a crime in section 2253, and "carrying firearms," a crime of violence, under section 2508(c)(N) of the transfer statute.

For the following reasons, the Legislature must have been cognizant of section 2253(a) when it enacted section 2508(b)(4). Section 2253, which was enacted in 1968, replaced the former section 2253, which was "enacted as part of the original Virgin Islands Code and related to exceptions for carrying and using dangerous weapons or concealed firearms." *See* 14 V.I.C. § 2253. In 1983, the Legislature enacted section

---

or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be delinquent."
1994 V.I. Sess. Laws 55-56 (Act No. 5973).

2508 and amended its provision in 1994 to include subsection (b)(4). Therefore, one of the crimes now charged against Appellant, which involves section 2253, includes carrying or possessing a firearm during the commission or attempted commission of a crime of violence.

Appellant asserted at oral arguments that the government should not use the same crime in two different capacities to substantiate the basis for transferring him to the Criminal Division to be tried as an adult. I disagree with Appellant's specious and meritless assertion. No statutory provision prohibits having the crime in section 2253(a) being used in the dual capacity as an original felony offense and as the "offense now charged" being an offense of "possession or use of a firearm in the commission or attempted commission of a crime of violence" under section 2508(b) (4). In 1994, when the Legislature amended section 2508(b)(4), and being cognizant of the existing section 2253(a), the Legislature, had it so intended, could have inserted a prohibitory provision in the law, precluding section 2253(a) from being used in a dual capacity. However, the Legislature eschewed any such prohibition.

### 3. The Double Jeopardy Clause is Inapplicable to this Case

Likewise, the oral argument of Appellant's counsel appear to advance a Fifth Amendment argument under the Double Jeopardy Clause of the United States Constitution.[7] The Double Jeopardy Clause protects an individual from being "twice put to trial for the same offense." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 303, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984); *United States v. Xavier*, 2 F.3d at 1290. However, the United States Court of Appeals for the Third Circuit ("the Third Circuit") has enunciated that the Legislature "explicitly authorized cumulative punishment" under section 2253. *See V. I. v. Soto*, 718 F.2d 72, 79 (3d Cir. 1983). Importantly, at the end of the paragraph in section 2253(a), it states that "[t]he foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence." *Id.* at n.11. (citing 14 V.IC. § 2253(a)).

---

[7] In relevant part, the Fifth Amendment of the U.S. Constitution states that a person may not be "subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V, XIV.

The test for whether multiple offenses violate the Double Jeopardy Clause is the *Blockburger Test. See United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000). Under this test, the salient question for determining whether there are two offenses or only one, is "whether the provisions of each statute require proof of a fact that the other one does not." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). "[T]he double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the 'same elements' or 'Blockburger' test." *United States v. Dixon*, 509 U.S. 688, 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993); *United States v. Xavier*, 2 F.3d at 1291.

Applying the *Blockburger* test to this case, I conclude that "[c]onviction for possession during a crime of violence under section 2253(a) requires proof of three elements: one must (1) . . . possess a firearm; (2) without authorization (3) during a crime of violence." Xavier at 1291. Section 2508 (b)(4), as it relates to this case, requires that: (1) the offense now charged; (2) in the commission of a crime of violence (3) is possession or use of a firearm; (4) which would be a felony if committed by an adult. Both statutes require: (1) possession of a firearm; and (2) during the commission of a crime of violence. However, section 2508(b)(4) mandates additional elements that section 2253 does not require. Also, section 2508(b)(4) requires proof of facts that section 2253 does not require. Therefore, the transfer of Appellant from the Family Division to the Criminal Division does not offend the Double Jeopardy Clause.

Further analyzing the Double Jeopardy Clause within the context of a juvenile transfer hearing, double jeopardy does not attach, because a juvenile hearing for mandatory transfer is not an adjudicatory hearing or a trial. *Robertson v. Morgan*, 227 F.3d 589, 592 (6th Cir. 2000). If the Family Court had served in the capacity of a trier of fact on the merits of the charges against Appellant, and Appellant was subsequently tried for the same facts or for the same crime in the Criminal Division of the Superior Court, the Double Jeopardy Clause would have been violated. However, those circumstances are absent in this case.

This case involves a transfer hearing in which the Appellant is transferred to the Criminal Division of the Superior Court for adult prosecution. This procedure involves only one trial or adjudicatory hearing to be conducted in the Criminal Division. The transfer hearing

involves a preliminary matter and no proceedings remotely resembling a trial. The transfer hearing does not determine Appellant's guilt or innocence of the charges. There is no criminal penalty or sanction, such as a fine or incarceration, imposed upon Appellant in a transfer hearing. Therefore, the Double Jeopardy Clause is not implicated.

The Third Circuit Court of Appeals has applied this reasoning and expressly held that where "a judge's finding . . . that there was 'probable cause to believe' the defendant had committed the offense[,]" there was "no merit in defendant's contention that the transfer hearing put him in jeopardy in the constitutional sense." *V. I. v. Smith*, 14 V.I. 42, 558 F.2d 691, 694-95 (3d Cir. 1977).

In *Breed v. Jones*, 421 U.S. 519, 541, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975), the United States Supreme Court vacated and remanded the decision of the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit") after it concluded that a juvenile court violated the Double Jeopardy Clause. Nevertheless, consistent with our position, *Breed* is distinguishable from this case, because in *Breed*, there was an adjudicatory hearing in the Juvenile Court, which included testimony from two prosecution witnesses and the respondent, and the Juvenile Court's finding that "the allegations in the petition were true. . . ." *Id.* at 522. Furthermore, "[t]he [Juvenile C]ourt continued the matter for one week, at which time, having considered the report of the probation officer assigned to the case and having heard [] testimony, it declared respondent 'unfit for treatment as a juvenile, and ordered that he be prosecuted as an adult.' " *Id.* at 524. The *Breed* case is dissimilar to this case. Crucially, Appellant's transfer hearing was not a trial; therefore, the Double Jeopardy Clause is inapplicable to the facts of this case.

## V. CONCLUSION

The Family Court did not abuse its discretion in its order, requiring that Appellant be transferred to the Criminal Division for proper criminal proceedings, because the mandatory transfer requirements under section 2508 (b)(4) have been satisfied. The Family Division found probable cause, and Appellant was at least fourteen years old at the time of the offense in April 2007. Additionally, Appellant has been charged with Possession of a Firearm During the Commission or Attempted Commission of a Crime of Violence. This crime falls under section 2253(a), titled "Carrying of firearms; openly or concealed; evidence of

intent to commit crime of violence; definitions." Further, the crime charged in this case is expressly included as a "crime of violence" under sections 2508(c)(M), carrying or using a dangerous weapon, and 2508(c)(N), carrying firearms. Additionally, the facts in this case involve a preliminary, non-adjudicatory matter and one trial. Therefore, the Double Jeopardy Clause of the United States Constitution is not implicated. Consequently, the transfer order of the Family Division transferring S.T. to the Criminal Division to be tried as an adult will be AFFIRMED.